UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-25589-GAYLES

**JOSE MARIO SILVA CUEVA,**

    **Petitioner**,

v.

**PAMELA BONDI, in her official capacity as the Attorney General of the United States, et al.,**

    **Respondents.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner, Jose Mario Silva Cueva's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Relief (the "Petition") against Respondents, Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Warden of the Miami Federal Detention Center; and the Field Office Director of the Miami Office of Immigration and Customs Enforcement (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Miami Federal Detention Center without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition [ECF No. 12], to which Petitioner filed a Reply [ECF No. 13]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

I.      BACKGROUND

      A.      **Petitioner's Immigration History in the United States**

Petitioner is a Honduran national who arrived in the United States in 2008. [ECF No. 1, Petition, ¶¶ 18, 39]. For the past eighteen years, Petitioner has lived and worked in the United States and has established strong ties to his community. *Id.* ¶42.

On November 8, 2014, Petitioner was encountered by Immigration and Customs Enforcement ("ICE"), following his arrest in Gwinnett County, Georgia, for hit and run, following too closely, and driving without a license. [ECF No. 12, Resp. in Opp., at 1]. On the same day, the United States Department of Homeland Security ("DHS") issued a Notice to Appear and initiated removal proceedings against Petitioner under Section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 1–3, Notice to Appear, at 1]. The Notice to Appear alleges that Petitioner "arrived in the United States at or near an unknown area, on or about an unknown date" and that Petitioner was "not admitted or paroled after inspection by an Immigration Officer." *Id.* Petitioner was ordered to appear before an immigration judge in Atlanta, Georgia. *Id.* Petitioner later admitted to being an alien present in the United States without being admitted or paroled. [ECF No. 12, Resp. in Opp., at 2]. While an Immigration Judge sustained the charge of removal, Petitioner was released from ICE custody on his own recognizance. *Id.*

On August 11, 2025, and for the second time, Petitioner was encountered by ICE, Enforcement and Removal Operations, at the Bay County Jail in Panama City, Florida, and taken into ICE custody. [ECF No. 12, Resp. in Opp., at 2]. Shortly after that, Petitioner's removal proceedings were transferred to the Immigration Court at Krome. *Id.* At the time of his arrest, Petitioner had a pending asylum application and was awaiting the renewal of his employment authorization. *Id.* ¶ 42.

Following Petitioner's arrest, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. [ECF No. 1, Petition, ¶ 44]. Then, on October 1, 2025, Petitioner requested a bond redetermination hearing before an immigration judge. *Id.* ¶45; [ECF No. 12, Resp. in Opp., at 2]. But the immigration judge denied Petitioner's bond request on October 8, 2025, ruling that the Immigration Court lacked jurisdiction based on the Board of Immigration Appeals' (the "BIA") decision in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025). [ECF No. 1–4, Order of the Immigration Judge, dated October 8, 2025, at. 1]; [ECF No. 12, Resp. in Opp., at 2]. While Petitioner reserved his right to appeal the Immigration Judge's bond order, he failed to file a Notice of Appeal within 30 days of the appeal deadline. [ECF No. 12, Resp. in Opp., at 2]. To date, Petitioner remains in ICE custody at the Miami Federal Detention Center. [ECF No. 1, Petition, ¶¶ 40, 47]; [ECF No. 12, Resp. in Opp., at 2].

### B.   Petitioner's Habeas Petition

On November 11, 2025, Petitioner filed his Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [ECF No. 1]. Petitioner alleges two counts: violation of the INA (Count I) and violation of Due Process (Count II). *Id.* ¶¶ 48–55. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 12. On December 23, 2025, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 12, at 3–13]. On January 2, 2026, the Petitioner filed a Reply in Support of his Petition. [ECF No. 13].

Petitioner also notes that he is a member of the Bond Eligible Class, as certified by the United States District Court for the Central District of California on November 25, 2025. *See*

*Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025). [ECF No. 1, Petition, ¶ 43]. And as a member of that class, Petitioner claims that he was not subject to detention under § 1225(b) at the time of his initial custody determination and should have been treated as detained under § 1226(a). *Id.*

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.    ANALYSIS

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

4

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at* *3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First,

5

Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2008, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part. The Court declines to reach the merits of Petitioner's due process claim in Count II, as the Court is granting in part the relief requested for Count I. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his due process claim. Since Count II "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

---

[1] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Petitioner, Jose Mario Silva Cueva's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Relief, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2) Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **March 25, 2026**, or otherwise release Petitioner.

(3) Count II of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(4) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of March, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE